IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>JASON MAZURAN and NATALIE BLANTON,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:16-CV-1268 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the parties' declaratory judgment action. For the reasons discussed below, the Court declines to exercise jurisdiction over this matter.

## I. BACKGROUND

This case arises out of an incident that occurred on October 5, 2012, where Defendant Natalie Blanton was injured after being struck by a moving truck driven by Defendant Jason Mazuran. Mazuran borrowed the truck from his friend and realtor Andrew Adams to move items into Mazuran's new home. Mr. Adams offered the truck to his real estate clients to help them move their belongings. The truck was owned by Mr. Adams' company, A&A Moving.

A&A Moving contracted with a company called On the Move, Inc. ("On the Move") to provide insurance for the truck. Under the agreement between A&A Moving and On the Move, On the Move agreed to provide A&A Moving with insurance of the minimum statutory limits required in Utah. To that end, On the Move obtained a policy from Plaintiff Empire Fire and Marine Insurance Company ("Empire"). That policy provided for coverage of $25,000 per person for bodily injury.

Blanton brought suit against Mazuran in Utah state court for negligence (hereinafter, "state negligence action"). The state negligence action has not been resolved.

Blanton also brought suit against Mazuran and Empire's parent company Zurich North America, Inc. ("Zurich") (hereinafter, "state declaratory judgment action"). In the state declaratory judgment action, Blanton sought a declaration that the truck at issue was required to have $750,000 of insurance under the Utah Administrative Code and Zurich must insure the truck for that amount.

Zurich sought and obtained a dismissal of the state declaratory judgment action against it. The state court ruled that Blanton failed to establish that she had an interest in the insurance policy or that her rights were affected by the policy. The court also found that it was unclear whether Blanton could obtain the declaratory judgment she requested. The court noted that the Utah Administrative Code provisions cited by Blanton did not provide her with an avenue for relief. "Thus, while Plaintiff may be able to establish entitlement to a declaratory judgment that Mazuran was required to have $750,000 in coverage, the court has been unable to find any language in these rules that would require Zurich to provide such coverage regardless of whether Mazuran contracted or paid for it."[1]

The state declaratory judgment action remains pending against Mazuran. Seven days after Zurich obtained dismissal of Blanton's state court declaratory judgment action against it, Empire, Zurich's subsidiary, brought this declaratory judgment action. In its Complaint, Empire seeks construction of the insurance policy and a declaration that the policy coverage available to Mazuran is limited to $25,000. Blanton filed a counterclaim against Empire seeking a

---

[1] Docket No. 14 Ex. 1, at 3.

declaration that $750,000 of liability insurance was required for the truck and that Empire is required to insure the truck for that amount. As of this date, Mazuran has not answered Empire's Complaint.

On June 29, 2017, Empire moved for summary judgment. Empire asserted that this action requires the resolution of six issues: (1) whether the policy limits on the date of loss were $25,000; (2) whether Mr. Mazuran was a private motor carrier; (3) whether Mr. Adams was a private motor carrier; (4) if either of them was a private motor carrier, whether Utah law required Empire to provide $750,000 of coverage; (5) if either of them was a private motor carrier and Utah law did require Empire to provide $750,000 of coverage, whether Blanton has standing to reform the insurance contract to comply with the law; and (6) whether the doctrine of res judicata precludes Blanton's counterclaim against Empire.[2]

After briefing was completed on Empire's Motion for Summary Judgment, the Court asked for supplemental briefing on the issue of whether it should exercise jurisdiction over this matter. Having carefully reviewed the parties' briefs, the Court issues the following Memorandum Decision and Order.

## II. DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[3] The Declaratory Judgement Act is "an

---

[2] Docket No. 14, at 2.
[3] 28 U.S.C. § 2201(a).

authorization, not a command."[4] It gives "the federal courts competence to make a declaration

of rights," but does "not impose a duty to do so."[5]

The Tenth Circuit has identified five factors the Court should consider when deciding

whether or not to hear a declaratory action:

> [1] whether a declaratory action would settle the controversy; [2] whether it
> would serve a useful purpose in clarifying the legal relations at issue; [3] whether
> the declaratory remedy is being used merely for the purpose of "procedural
> fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a
> declaratory action would increase friction between our federal and state courts
> and improperly encroach upon state jurisdiction; and [5] whether there is an
> alternative remedy which is better or more effective.[6]

A.      SETTLE THE CONTROVERSY AND CLARIFY THE LEGAL RELATIONS

"[T]he inquiry into whether the declaratory judgment settles a controversy and clarifies

the legal relationships at issue is designed to shed light on the overall question of whether the

controversy would be better settled in state court."[7] Here, the parties purport to ask the Court to

determine the amount of coverage required by an automobile insurance policy.  However, what

the parties are really asking the Court to do is to determine whether A&A Moving is a private

motor carrier under the Utah Administrative Code and, if so, determine the parties' rights and

responsibilities.  This involves the interpretation of Utah statute, regulations, and case law.  This

is something better left to the Utah courts.

---

[4] *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

[5] *Id.*

[6] *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

[7] *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002).

Empire argues that "there is no ongoing state proceeding on the same subject."[8] This argument, however, ignores the state declaratory judgment action. In that action, Blanton seeks a declaration from the Utah courts that the truck was required to have $750,000 in coverage and that the truck must be insured with that amount. The case remains pending as against Mazuran. Though Empire is not currently a party to that action, there is nothing to suggest that it could not be made a party. "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."[9]

Further, courts favor dismissal of a declaratory action for another action when the declaratory action "w[ould] not completely settle the controversy between the parties."[10] Here, it is unlikely that this action would completely settle the controversy. As set forth above, Empire argues that there are six issues the Court must resolve. However, resolution of some of these issues would moot other issues and would ultimately fail to resolve the primary issue for which the parties seek clarification. For example, the Court could assume that A&A Moving is a private motor carrier, but that the only remedy available is an administrative action by the Utah Department of Transportation. This ruling would not resolve the primary issue of whether A&A Moving is a private motor carrier, but would resolve Empire's current Motion for Summary Judgment.

---

[8] Docket No. 23, at 4.

[9] *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989); *see also Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012) (stating that a district court should decline to exercise jurisdiction if "the state court action would necessarily resolve the issues in the declaratory judgment action").

[10] *CW Onset LLC v. Allied Ctr. For Special Surgery, San Antonio, LLC*, No. 2:14CV34 TS, 2014 WL 2462547, at *3 (D. Utah June 2, 2014).

Additionally, this action is unlikely to settle the controversy because the parties have

failed to join A&A Moving and On the Move, both of which have an interest in this action. One

of Blanton's arguments is that Empire is required to provide $750,000 because Empire and On

the Move agreed to provide A&A Moving with the minimum requirements under state law. If

the Court found that Empire was required to provide a higher amount, A&A Moving would

likely have a breach of contract claim against On the Move and On the Move would likely have a

similar claim against Empire. The Tenth Circuit has "supported the view that in an action for

declaratory judgment all persons interested in the declaration are 'necessary' parties."[11] While

A&A Moving and On the Move are necessary parties, they cannot be joined because joinder of

A&A Moving would destroy diversity. Thus, this action would not completely settle the

controversy among the necessary parties and, for the same reason, would not necessarily clarify

the legal relations at issue.

B.      PROCEDURAL FENCING AND RACE TO RES JUDICATA

The third factor considers whether the declaratory remedy is being used for the purpose

of procedural fencing or to provide an arena for a race to res judicata. As stated, the state

declaratory judgment action remains pending against Mazuran. Any ruling here would likely

constitute res judicata in that case. Empire's parent company was dismissed from the state court

declaratory judgment action, but Empire filed this case shortly after that dismissal. In this action,

Empire essentially requests the opposite relief that Blanton seeks in her state declaratory

judgment action. The closeness in time between the dismissal of the state court declaratory

judgment action against Zurich and the filing of this case suggests that Empire is engaging in a

---

[11] *Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974).

race to res judicata.[12]  Further, the parties are likely to use this Court's ruling in this action to bolster their respective settlement positions in the state negligence action.  The state negligence action was stayed pending the resolution of the state declaratory judgment action and remains stayed.  Blanton has agreed to settle the state negligence action for what she believes the policy limits should be ($750,000), while Empire has offered the current policy limits ($25,000).  Thus, it appears that the parties are using this case for the purpose of procedural fencing and a race to res judicata.

C.      INCREASED FRICTION BETWEEN FEDERAL AND STATE COURTS OR
        ENCROACH UPON STATE JURISDICTION

Under the fourth factor, the Court considers whether a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.  The Tenth Circuit has noted that state courts are generally "better situated" to resolve actions involving matters of state law.[13]  The primary question in this action is the interpretation of Utah statutes and regulations.  Blanton argues that the Utah Administrative Code required the truck to have $750,000 of insurance coverage.  If Blanton is correct, the question becomes what rights and obligations the parties have as a result of the Utah regulation.  This question is determined by Utah law.  As such, exercising jurisdiction would encroach upon state jurisdiction.

Moreover, this action "carries the danger of grave interference with the state proceedings."[14]  As stated, Blanton's state declaratory judgment action remains pending against

---

[12] *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) (affirming dismissal where the insurer filed a declaratory judgment action one day before the insured promised to file a state court action).

[13] *Mid-Continent Cas. Co.*, 685 F.3d at 986.

[14] *City of Las Cruces*, 289 F.3d  at 1190–91.

Mazuran. That action presents the precise issue presented here and any ruling in this case would undoubtedly interfere with those proceedings. "The likelihood of such interference is another justification for the refusal of jurisdiction."[15]

D.    ALTERNATIVE REMEDY

Finally, the Court considers whether there is an alternative remedy that is better or more effective. In this case, the state declaratory judgment action would be a better and more effective remedy. That action can provide complete relief to all parties involved in this current dispute, including necessary parties that cannot be joined in this case because of a lack of diversity. Further, the declaratory judgment action has not yet been fully disposed of. Though not current parties, Empire, A&A Moving, and On the Move could all be added as parties to that action. In that way, "[t]he state proceedings would produce a 'more comprehensive and cohesive' remedy, because the rights of all, including the parties to the federal action, would be decided."[16]

## III.  CONCLUSION

It is therefore

ORDERED that the Court declines to exercise jurisdiction over this action. The parties' claims are dismissed without prejudice.

DATED this 13th day of September, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[15] *Id.* at 1191.
[16] *Id.*

8